UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES ELLIS CROCKETT,

        Petitioner,

v.

JASON BENNETT,

        Respondent.

Case No. 3:24-cv-5640-TL-TLF

REPORT AND RECOMMENDATION

Noted for **November 4, 2024**

The District Court has referred this action to United States Magistrate Judge Theresa L. Fricke. On August 6, 2024, petitioner filed a motion to proceed *in forma pauperis* (IFP) and a proposed habeas corpus petition nominally under 28 U.S.C. § 2241. Dkts. 1, 1-1, 1-2, 1-3. Petitioner also filed several proposed motions in conjunction with the petition: a "request for certification" (Dkt. 1-4), a proposed "motion to waive magistrates report and recommendation" (Dkt. 1-5), a proposed "motion to appoint standby counsel" (Dkt. 1-6), and a proposed "motion to order response" (Dkt. 1-7).

After screening the petition pursuant to Rule 4 of the Rules Governing § 2254 cases, the Court concluded the petition was, in fact, seeking relief under 28 U.S.C. § 2254, appeared to be an unauthorized second or successive habeas petition and, alternatively was unexhausted. Dkt. 4. The Court ordered petitioner to show cause why the petition should not be dismissed without prejudice as an unauthorized second or successive petition and for failure to exhaust state court remedies. *Id.* at 4. The Court

REPORT AND RECOMMENDATION - 1

warned petitioner if he failed to timely respond to the Order, the Court would recommend dismissal of this action. *Id.*

Petitioner has failed to respond and therefore failed to comply with the Court's Order. As petitioner has failed to respond to the Court's Order and prosecute this case, the Court recommends this case be DISMISSED without prejudice.

The Court further recommends that petitioner's motion to proceed IFP (Dkt. 1), as well as his proposed "request for certification" (Dkts. 1-4), proposed "motion to waive magistrates report and recommendation" (Dkt. 1-5), proposed "motion to appoint standby counsel" (Dkt. 1-6) and proposed "motion to order response" (Dkt. 1-7) be DENIED as moot. Based on the foregoing, the Court also recommends a certificate of appealability be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **November 4, 2024**, as noted in the caption.

Dated this 18th day of October, 2024.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2